```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION

HARRY   BAXTER,   JEANNE   BAXTER,
JENNIFER WEIL, and CLAIRE BAXTER
FITZGERALD, as beneficiaries  of
KATHRYN BROOKE BAXTER,

                  Plaintiffs,

vs.                                Case No.  2:11-cv-401-FtM-29DNF

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA c/b/a SERVICE MEMBERS' GROUP
LIFE  INSURANCE,  and  the  UNITED
STATES  DEPARTMENT  OF  VETERAN'S
AFFAIRS,

                  Defendants.
_____
```

## OPINION AND ORDER

This matter comes before the Court on the government's Motion to Dismiss (Doc. #24) filed on January 13, 2012. Plaintiffs filed a Response (Doc. #30) on April 12, 2012. For the reasons set forth below, the motion is denied.

**I.**

The Second Amended Complaint (Complaint) (Doc. #20) alleges that Kathryn Brooke Baxter (Baxter) was insured under a group life insurance policy issued by The Prudential Insurance Company of America d/b/a Servicemembers' Group Life Insurance (Prudential). The Prudential policy provided for payment of death benefits when an insured passes away on active duty training or inactive duty training. The Complaint alleges that Baxter was on inactive duty training on the date she passed away in Tanzania, that her last

paycheck stated that she had $400,000.00 in life insurance with Prudential, and that as the beneficiaries, plaintiffs are entitled to recover the policy amount. Plaintiffs filed Claim No. 10999578, which was denied by Prudential. Plaintiffs seek damages, including the payment of the death benefit, from Prudential for breach of the policy.

Plaintiffs also sue the United States Department of Veteran's Affairs (VA), which they allege is charged with determining coverage and compensability of such a claim. The Complaint alleges that the VA is in breach of the contract of insurance for failing to approve coverage and find compensability to pay the death benefit under the terms of the policy. Plaintiffs demand judgment for damages, including the payment of the death benefit, from the VA.

The VA's motion to dismiss states a facial challenge to the subject matter jurisdiction of the court. (Doc. #24, p. 5.) A motion challenging the subject-matter jurisdiction of the court is brought pursuant to Rule 12(b)(1). A facial attack challenges subject-matter jurisdiction based on the allegations in the complaint. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). "A plaintiff defending against a facial attack on jurisdiction enjoys 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' . . ." Mulhall v. Unite Here Local 355, 618 F.3d 1279,

1286 n.8 (11th Cir. 2010)(quoting McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, 'the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed.'" James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**II.**

The United States asserts that it is immune from suit in a coverage dispute because it has consented to be sued only in actions in which there is an alleged breach of an obligation undertaken by the United States. (Doc. #24, p. 2.) The government asserts that coverage determinations under the insurance policy is

the exclusive responsibility of the private insurer, not the United States, and therefore Prudential is the only proper defendant. (Id.)

The Servicemembers's Group Life Insurance Act, 38 U.S.C. § 1965 et seq. (SGLIA), directs the Administrator of Veterans' Affairs to purchase insurance coverage from an eligible insurer for service members. 38 U.S.C. § 1966(a). Service members are presumptively enrolled unless they opt out, and premiums are deducted from the service member's paychecks. 38 U.S.C. §§ 1967(a); 1969(b). The current default amount of coverage for a service member is $400,000. 38 U.S.C. § 1967(a)(3)(A)(I). Thus, Servicemember's Group Life Insurance is a contract between the United States government and approved insurers for the benefit of the insured servicemen. Shannon v. United States, 417 F.2d 256, 262 (5th Cir. 1969)[1](citing Johnson v. Prudential Ins. Co. of Am., 182 Neb. 673, 674, 156 N.W. 2d 812, 813 (1968)). As such, it is well-established that the obligation to pay insurance proceeds is exclusively upon the insurer (here Prudential). See, e.g., Williams v. United States, No. 08-5081, 2009 WL 799974 (E.D. La. Mar. 19, 2009); Mosby v. United States, 423 F. Supp. 689 (N.D. Ohio 1976); Jackson v. United States, 398 F. Supp. 607, 609 (N.D. Miss.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1975); <u>Riggans v. United States</u>, 315 F. Supp. 1405 (W.D. Pa. 1970); and <u>Kercher v. United States</u>, 300 F. Supp. 1125 (D. Mont. 1969).

The government, however, has extensive statutory involvement and control over portions of the program. The government may have a duty based upon such obligations. <u>E.g.</u>, <u>Shannon v. United States</u>, 417 F.2d 256, 262 (5th Cir. 1969). Thus, "[a]ctions at law or in equity to recover on the policy, in which there is not alleged any breach of any obligation undertaken by the United States, should be brought against the insurer." 38 C.F.R. § 9.13. <u>See also</u> 38 U.S.C. § 1975. Actions which allege a breach of an obligation undertaken by the United States may be brought against the United States in district court. "The district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter." 38 U.S.C. § 1975.

The crux of the issue is whether the Second Amended Complaint alleges the breach of an obligation undertaken by the United States. The Complaint alleges that the VA breached its duty to accurately decide whether Baxter was covered under SGLI, which resulted in non-payment by Prudential. Count II alleges that the VA "is charged with determining coverage and compensability of a claim", doc. #20, ¶28, and that the VA breached its duty "by failing to approve coverage and find compensability to pay the death benefit to Plaintiffs as required by the terms of said

-5-

policy," <u>id.</u> at ¶29.  This breach of duty occurred despite the fact that Baxter's last paycheck stated she had $400,000.00 in life insurance coverage through Prudential.  (<u>Id.</u> at ¶24.)  The Complaint adequately alleges an obligation undertaken by the United States because "[d]eterminations of the Department of Veterans Affairs are conclusive under the policy with respect to" coverage.  38 C.F.R. § 9.7.  <u>See also</u> Doc. #20, Exh. A, p. 23.  Therefore, the Complaint also plausibly alleges a breach of that obligation.  While damages may not be the equivalent of the insurance amount, damages can be sought.  Therefore, the facial challenge to the Second Amended Complaint fails.

Accordingly, it is now

**ORDERED**:

The government's Motion to Dismiss (Doc. #24) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 17th day of September, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record